1

Alan D. Leeth (CA Bar No. 199226)
Burr & Forman LLP

2

420 North 20th Street
Suite 3400

3

Birmingham, AL 35203
Phone: (205) 458-5499

4

Fax: (205) 244-5670
E-mail: aleeth@burr.com

5

6

*Attorneys for Plaintiff*

7

8

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| **HONG KONG ORIENTAL IMPORT AND EXPORT CO. LTD.,** ) | **Case No. 3:15-cv-3921** |

11

**Plaintiff,**

**COMPLAINT**

12

**v.**

13

**AGRI-NUT COMPANY, INC.,**

14

**Defendant.**

15

## COMPLAINT

16

Plaintiff, Hong Kong Oriental Import and Export Co. Ltd. ("Oriental"), sues Defendant,

17

Agri-Nut Company, Inc. ("Defendant"), and alleges as follows:

18

### I.     INTRODUCTION

19

1.     This is an action involving claims for breach of contract arising out of a contract

20

for the international purchase of movable goods.

21

### II.     PARTIES

22

2.     Oriental is a corporation incorporated under the laws of Hong Kong with its

23

principal place of business in the People's Republic of China.

3.      Defendant is a corporation incorporated under the laws of California with its principal place of business in South San Francisco, California.

4.      Defendant may be served with process by serving its registered agent: Mr. Dennis Lucas, 1633 Bayshore Highway, Suite 310, Burlingame, California 94010.

### III.      JURISDICTION

5.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, because Oriental asserts claims arising under the laws and treaties of the United States.

6.      The law that governs this case is the United Nations Convention on Contracts for the International Sale of Goods, Apr. 11, 1980, S. Treaty Doc. No. 98-9 (1983), 19 I.L.M. 671 (1980), reprinted at 15 U.S.C. App. (entered into force Jan. 1, 1988) (the "CISG").

7.      At all relevant times, China and the United States were signatories to the CISG.

8.      At all relevant times, China and the United States had not opted out of any relevant provisions of the CISG.

9.      The CISG creates a private right of action in federal court under federal law.

10.     The CISG applies to contracts for the sale of goods between parties whose places of business are in different contracting states of the CISG.

11.     As federal law, the CISG preempts inconsistent provisions of state law such as the Uniform Commercial Code.

12.     This action involves a contract for the sale of goods between Oriental and Defendant.

13.     Oriental has its place of business in China.

14.     Defendant has its place of business in the United States.

15.     Parties may contractually exclude the application of the CISG, but they must do so explicitly.

16.   At all relevant times, Oriental and Defendant did not expressly agree to exclude the application of the CISG.

17.   Because the places of business of the two parties are in different CISG contracting states, and because the parties did not expressly agree to exclude application of the CISG, the CISG governs the contract between them.

18.   This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

19.   Oriental claims damages in excess of $75,000.00, exclusive of interests and costs.

20.   Oriental is a citizen of China, because it is a corporation that is incorporated in China and has its principal place of business in China.

21.   Defendant is a citizen of California, because it is a corporation incorporated in California and has its principal place of business in California.

22.   This Court has personal jurisdiction over Defendant because Defendant is a corporation registered in California.

23.   This Court also has personal jurisdiction over Defendant because Defendant carries on a business in California.

### IV.   VENUE

24.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the only defendant in this action resides in the Northern District of California.

25.   All conditions precedent to the filing of this action, if any, have occurred or have been excused or waived.

26.    Oriental has been required to retain undersigned counsel to enforce its rights through this action and has agreed to pay its counsel a reasonable fee for those services.

## V.   INTRADISTRICT ASSIGNMENT

27.   The appropriate district for this action is San Francisco, because the Defendant is located in San Mateo County.

## VI.   FACTS

**THE CONTRACT FOR ORIENTAL'S PURCHASE OF ALMONDS FROM DEFENDANT**

28.   On April 27, 2014, Oriental and Defendant executed a contract titled "Sales Contract - SC-8503" (hereinafter referred to as the "Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit A**.

29.   In the Contract, Defendant promised to sell almonds to Oriental.

30.   In the Contract, Oriental promised to pay Defendant for the almonds.

31.   In the Contract, Oriental promised to pay Defendant a deposit.

32.   Pursuant to the Contract, Oriental paid the required deposit to Defendant.

**DEFENDANT'S BREACH OF THE CONTRACT**

33.   Despite receiving Oriental's deposit, Defendant failed and refused to perform its contractual obligations under the Contract.

34.   Defendant failed and refused to ship the contracted for goods to Oriental.

**THE SETTLEMENT TO CANCEL THE CONTRACT**

35.   Because Defendant failed and refused to perform the Contract, the parties negotiated a settlement.

36.   On September 29, 2014, Defendant and Oriental executed a contract titled "Settlement for Contract # 8503 - 30 Containers Np Inshell" (hereinafter referred to as the "Settlement"). A true and correct copy of the Settlement is attached hereto as **Exhibit B**.

37.   In the Settlement, Oriental and Defendant agreed to cancel and settle the Contract.

38.     In the Settlement, Defendant promised to return the full amount of Oriental's deposit.

39.     In the Settlement, Defendant also promised to pay Oriental an additional $337,500.00 as compensation for damages that Oriental suffered as a result of Defendant's breach of the contract.

40.     The Settlement provides that the "[t]otal amount will be paid No later than June 2015."

41.     Pursuant to the Settlement, Defendant returned Oriental's deposit.

42.     In subsequent transactions between the parties, Oriental credited Defendant with payments totaling $43,900 towards the $337,500 that the Settlement required Defendant to pay to Oriental.

43.     After Oriental credited Defendant with this amount, Defendant still owed Oriental $293,600 under the Settlement.

## THE BREACH OF THE SETTLEMENT

44.     Defendant failed and refused to pay the remaining balance by June 2015.

45.     On July 2, 2015, Oriental sent to Defendant a letter demanding payment of the outstanding balance required by the Settlement (hereinafter referred to as the "Demand Letter").

46.     In the Demand Letter, Oriental demanded that Defendant pay to Oriental the outstanding $293,600 owed under the Settlement on or before July 31, 2015.

47.     Defendant failed and refused to pay the amount owed under the Settlement on or before July 31, 2015.

48.     To date, Defendant has failed and refused to pay the remaining balance under the Settlement.

**COUNT I - BREACH OF CONTRACT**

49.     Oriental realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 48, above, as if fully set forth herein.

29.     The Settlement is a contract between Oriental and Defendant.

30.     Oriental has fully performed all conditions of the Settlement.

31.     Commencing on or about June 2015, and continuing thereafter, Defendant has breached the terms of the Settlement by failing and refusing to pay the required amount to Oriental.

32.     Despite Oriental's timely notice of this breach, Defendant has failed and refused to cure Defendant's breach.

33.     As a direct and proximate result of Defendant's conduct, Oriental has suffered damages.

WHEREFORE, Oriental demands judgment against Defendant in the amount of $293,600, and such other and further relief as may be just, proper, and allowable, including Oriental's pre-judgment and post-judgment interest and the costs of this suit.

Respectfully submitted,

*/s/ Alan D. Leeth*
Alan D. Leeth (CA Bar No. 199226)
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Phone: (205) 458-5499
Fax: (205) 244-5670
E-mail: aleeth@burr.com

*Counsel for Plaintiff, Hong Kong Oriental Import and Export Co. Ltd.*

**COMPLAINT**
Case No. 3:15-cv-3921

1

**Exhibit A**

2

3

4

## AGRI-NUT COMPANY, INC.

Head Office : 1633 Bayshore Hwy Suite 310 Burlingame, California 94010 USA
T: (650) 372-8878   F: (650) 372-8879

*Sales Contract -   SC-8503*

*DATE*    :   April 27, 2014

*BUYER*   :                                              *CONSIGNEE*   :

HONGKONG ORIENTAL IMP AND EXP CO LTD            To be Advised
56 JIAOCHANG PING, TANGJIA WAN VILLA
GE,LONGGANG TOWN LINAN HANGZHOU CHINA
TEL: 8657163631141 , FAX: 8657163633141

| PRODUCT | SPECIFICATION | QUANTITY | PACKAGING | PRICE |
|---|---|---|---|---|
| 2014 Crop Almonds Inshell | Nonpareil Inshell | 30 X 40 FT Containers | Packed In 900 x 50 Lbs Bags | $2.545   /   LB CIF Haiphong |
| | | 1,350,000 LBS Total Weight | 45,000 LBS per container | Sliding Scale, Basis 70% meat yield, minimum 68% to maximum 74% |

SHIPMENT          :   1.) 15 x 40 Ft containers shipment in September 2014
                        2.) 15 x 40 Ft containers shipment in October 2014

PAYMENT TERMS   :   5% Deposit for 15 x 40 Ft containers due upon Contract Signing,
                        10% Deposit for 15 x 40 Ft containers due upon Contract Signing
                        Balance by T/T Before Vessel Arrival into Haiphong

DOCUMENTS        :   Commercial Invoice        USDA Grading Certificate
                        Ocean Bill of Lading       Certificate of Origin
                        Packing List                 Weighmaster Certificate
                        Certificate of Origin       Fumigation Certificate

BANK INFO          :   Account name: Agri-Nut Company, Inc.
                        Bank : Wells Fargo Bank          Account # : 2119807135
                        420 Montgomery St.               Routing # : 121000248
                        San Francisco, California 94104   Swift Code : WFBIUS6S

Buyer:                                                    Seller:

_____                    _____
                                                            Dennis Lucas

**COMPLAINT**                                                    Page 7 of 8
Case No. 3:15-cv-3921                                          25014177 v1

1

**Exhibit B**

2

3

## AGRI-NUT COMPANY, INC.

1633 Bayshore Highway Suite 310, Burlingame, California 94010
T: 650-372-8878    F: 650-372-8879
www.agrinutcompany.com

4

5

6

HongKong Oriental Imp and Export Co. Ltd
56 Jiaochang ping, Tangjia Wan Villa
Ge Longgang Town Linan Hangzhou China

7

8

Reference: Settlement for Contract # 8503 – 30 Containers Np Inshell

9

This agreement is made on this 29th of September 2014 between Hongkong oriental Imp and Export Co., Ltd and Agri-Nut Company Inc.

Both Parties mentioned above Agreed the following terms and conditions:

10

11

1. Contract # 8503 for 30 containers x 45,000 lbs of Almonds Non Pareil Inshell will be cancelled and settled by paying the following penalty.

Agri-Nut will pay 10 pct of the Sales Contract amount of $337,500. Total amount will be paid No later than June 2015.

12

2. In addition, Agri-Nut will return the full deposit amount of $257,681.25 by early October 2014.

13

14

15

Agri-Nut Company

16

17

_____
Seller

Hongkong  Oriental Imp & Exp

_____
Buyer

18

19

20

21

22

23